**ORIGINAL**

# In the United States Court of Federal Claims

No. 15-79C

(Filed: March 25, 2015)

FILED
MAR 2 5 2015
U.S. COURT OF
FEDERAL CLAIMS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

NI-SHON LATIA LAWTON,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

*Ni-Shon Latia Lawton*, appearing *pro se*, Pennsauken, New Jersey.

*Tanya B. Koenig*, with whom were *Stuart F. Delery*, Assistant Attorney General, *Robert E. Kirschman, Jr.*, Director, and *Kirk T. Manhardt*, Assistant Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, Washington, D.C., for Defendant.

### DISMISSAL ORDER

WHEELER, Judge.

Plaintiff Ni-Shon Latia Lawton filed a *pro se* complaint in this Court on January 26, 2015. Ms. Lawton's claims stem from various alleged violations of criminal and civil law, primarily by the state of New Jersey and its agents. The allegations include conspiracy, hate crimes, RICO, forgery, unlawful eviction, and kidnapping of her children by the Department of Children and Families. Ms. Lawton then lists the text of various federal code sections, including the language of 42 U.S.C. § 1983, which provides for civil actions for deprivation of Constitutional rights, as well as the 14th amendment. To compensate for these various alleged crimes and torts, Ms. Lawton asks this Court to award her $3,000,000 in damages. She also asks that the U.S. Department of Health & Human Services be restrained from "the further violation of [her] rights." Though Ms. Lawton is appearing *pro se* and is held to "less stringent standards" in her pleadings, Haines v. Kerner, 404 U.S.

519, 520 (1972), her complaint fails to state a claim within this Court's jurisdiction, and therefore must be dismissed.

The Tucker Act, 28 U.S.C. § 1491, limits the jurisdiction of the United States Court of Federal Claims to "claim[s] against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." § 1491(a)(1). This provision means that "the only proper defendant for any matter before this court is the United States, not its officers, nor any other individual." Stephenson v. United States, 58 Fed. Cl. 186, 190 (2003) (emphasis in original) (citing United States v. Sherwood, 312 U.S. 584, 589 (1941)). Ms. Lawton specifically names "the state of NEW JERSEY and it's [sic] agents acting on behalf of THE UNITED STATES" as having committed the alleged crimes and torts outlined in her complaint. While Ms. Lawton's complaint is captioned as one against the United States, her claims are primarily directed at state agencies, state officials, and private individuals from the state of New Jersey. This Court does not possess jurisdiction to adjudicate claims against any of those parties. See Moore v. Pub. Defenders Office, 76 Fed. Cl. 617, 620 (2007) ("When a plaintiff's complaint names private parties, or local, county, or state agencies, rather than federal agencies, this court has no jurisdiction to hear those allegations.") (internal citations omitted). Thus, her complaint fails to meet the foundational jurisdictional requirement that the United States be the defendant, and the only defendant.

Furthermore, the Tucker Act specifically states that the Court of Federal Claims lacks jurisdiction over claims sounding in tort. § 1491(a)(1). Ms. Lawton alleges several torts against her, including defamation and neglect to prevent a conspiracy to interfere with civil rights. This Court thus lacks jurisdiction over Ms. Lawton's tort actions. To the extent that Ms. Lawton asserts claims under § 1983, this Court lacks jurisdiction over them because "jurisdiction over claims arising under the Civil Rights Act resides exclusively in the district courts." Marlin v. United States, 63 Fed. Cl. 475, 476 (2005) (internal citations omitted); see also 28 U.S.C. § 1343.

Moreover, the Tucker Act grants this Court jurisdiction only over claims derived from money-mandating sources of law. See § 1491(a)(1); Fisher v. United States, 402 F.3d 1167, 1172 (Fed. Cir. 2005). A source of law, such as a constitutional provision, statute, or regulation, "is money-mandating for jurisdictional purposes if it can fairly be interpreted as mandating compensation for damages sustained as a result of the breach of the duties it imposes." Fisher, 402 F.3d at 1173. Ms. Lawton claims violations of the 14th Amendment, which is similarly outside the scope of this Court's jurisdiction. See Elkins v. United States, 229 Ct. Cl. 607, 608 (1981) ("We have held that, except for the taking clause of the fifth amendment, the other amendments do not require the United States to pay money for their alleged violation."). The remainder of Ms. Lawton's claims are based upon various federal and state criminal statutes, none of which are money-mandating sources of law.

The Court finds no set of facts in Ms. Lawton's complaint that demonstrates a claim against the United States or that falls within this Court's Tucker Act jurisdiction. See Beale v. United States, 69 Fed. Cl. 234, 237 (2005). In the interest of the efficient use of judicial resources, and to minimize the cost and delay of litigation, see RCFC Appendix A, ¶ 1, the Court is authorized to dismiss at any time a case that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, see 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Because the Court finds that it lacks jurisdiction to hear Ms. Lawton's claims, and pursuant to the Court's authority under RCFC Appendix A and 28 U.S.C. § 1915, the Court DISMISSES Ms. Lawton's complaint. The Clerk of Court is instructed to DISMISS Ms. Lawton's complaint without prejudice.

IT IS SO ORDERED.

THOMAS C. WHEELER
Judge